# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBJIT SINGH, | 1:09-cv-00836-BAK-SMS HC |
| | |
| | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 11) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 1) |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| v. | MOTION TO PROCEED IN FORMA PAUPERIS IS DENIED AS MOOT (Doc. 2) |
| ATTORNEY GENERAL, et al., | |
| Respondents. | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. On May 12, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4). On May 20, 2009, Respondent filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 7).

Petitioner originally filed his petition on May 12, 2009. (Doc. 1). Petitioner alleges that he is

a native of India, that he is subject to a final order of removal from the United States as of April 15, 2005, and that he has been in continuous custody of ICE since January 22, 2008, a period of almost eighteen months. (Doc. 1, pp. 2-3). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 4). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id.).

After a preliminary screening of the petition, the Court issued an Order to Show Cause on July 2, 2009, directing Respondent to file a response within forty-five days. (Doc. 9). On August 14, 2009, Respondent filed his response, containing the instant motion to dismiss the petition on the grounds that Petitioner had been released under supervision and thus any habeas claim of unlawful detention was moot. (Doc. 11). Petitioner has filed no response to the motion to dismiss.

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241©)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, the only issue properly before this Court is the constitutionality of Petitioner's detention by Respondent,[2] and the only relief which the Court could afford to Petitioner in these habeas proceedings is an order releasing him from custody, in the event that the Court determined that his continued detention by ICE was unlawful.

The document appended to Respondent's Response to the Order to Show Cause indicates that an order for supervised release was issued on August 12, 2009 and that Petitioner was released pursuant to that order of supervision on August 13, 2009. (Doc. 11, Attachment A). Petitioner has presented no evidence to contradict these factual contentions. Accordingly, the Court finds that Petitioner was released from Respondent's custody on August 13, 2009.

Because Petitioner's sole complaint in these habeas proceedings was the legality of his detention by ICE, and because the Court finds that Petitioner is no longer detained by ICE, there is no further relief that the Court can afford Petitioner; thus, Petitioner's claims are now moot. Accordingly, Respondent's motion to dismiss the case for mootness will be GRANTED and the Petition DISMISSED for failure to state a claim.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's Motion to Dismiss (Doc. 11), is be GRANTED;

---

[2] On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)

The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, although the documents construed in this case by the Clerk of Court as a habeas petition do not expressly allege unlawful detention by ICE–indeed, to the contrary, the only documents in the "petition" appear to challenge Petitioner's final order of removal–such unlawful detention is the only issue this Court has jurisdiction to consider under RIDA. If Petitioner intended to challenge the final order of removal, his only remedy is to file a petition for review in the United States Court of Appeals for the Ninth Circuit.

2. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for failure to state a claim as it is now MOOT;

3. Petitioner's motion to proceed in forma pauperis (Doc. 2), is DENIED as MOOT; and,

4. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:   August 20, 2009**                     /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE